Judge Wood
delivered the opinion of the court:
The statute, under which this motion to amerce the plaintiff was made, is section 32 of the “act regulating judgments and executions.” Its language is this : “ That if any sheriff, or other oB ficer, shall refuse or neglect to execute any writ of execution to him directed, and which has come to his hands, or shall neglect or refuse to sell any goods and chattels, such sheriff or other officer shall, on motion, in open court, and two days’ notice thereof, in writing, to be given such sheriff or other officer by the plaintiff or his attorney, be amerced in the amount of said debt, damages and costs, with ten per centum thereupon, to and for the use of said plaintiff.” The provisions of this section are broad, “ shall neglect or refuse to sell any goods and chattels.” The sheriff levied on goods and chattels by virtue of the execution which was placed in his hands. He neglected to sell the property. The case, then, by the return of the plaintiff in error on the execution, is clearly embraced in the spirit and letter of the statute.
The counsel fbr the plaintiff in error, however, claim that the'facts-Bet up in the plaintiff’s return on the^. fa. “ that he *took [451 a bond for the redelivery of the ironware, that he advertised it for sale, demanded it, and it was not redelivered,” excuse him from liability on a motion to amerce, and leaves the creditor to his. remedy by an action on the case. They cite section 8 of the above act, page 103, in these words : “ That in all case where a sheriff, coroner, or other officer, shall, by virtue of an execution, levy upon any goods and chattels, which shall remain upon his hands, unsold, for want of bidders, for the want of time to advertise and sell, or any other reasonable cause, the sheriff, coroner, or other officer may, for his own security, take .of the defendant a bond, with security, in such sum as he may deem sufficient, conditioned that the said property shall be delivered to the sheriff, coroner, or other officer holding an execution for the sale of the same, at the time and place appointed,” etc.
If there is anything in this section which can operate to excuse the sheriff, a majority of the court are not' able to perceive it. The- *458 .■sheriff is in no case compelled to take a bond for the property. .It is optional with him to do so or not. He may remove it or leave it. The right of possession, the temporary ownership of ;goods and chattels after levy, is in the sheriff. If he leaves them with the judgment debtor, or in the hands of another, and takes the security authorized by law, the sheriff, after demand and refusal to deliver the goods, according to the condition of the bond, may seize the property wherever he can find it, if he can ■do so without a breach of the peace. He may maintain trover ■for it, because he has the right to the possession. The' sheriff, ■then, after having demanded the property, should have taken -it into his possession and sold it, if it were to be found; and whether the judgment debtors, in whose possession it was left, actually redelivered it to the plaintiff or not, and if his return do not show that the propertj was not to be found, was not within his reach or control, the most favorable construction which may be given to section 8 will by no means excuse him. What, then, ds the plaintiff’s return ? That he demanded the ironware at the furnace, where he had advertised it for sale, a.nd it “ was not delivered;” that it was not to be found;' or that it was not perfectly within his power to take possession of and sell it, is nowhere .stated, nor that its delivery was actually refused, but merely neglected.
But suppose the property was placed beyond the reach of the 452] sheriff, and this was shown by the return, is there any thing*in section 8 of this act to excuse the sheriff from liability on this motion ? The sheriff may take a bond for the property, or he may refuse it. It is at his own will and pleasure; but,- if he can do so, .for what purpose is it done? In the language of the section, “ for his own security.” He must, then, look to the persons to whom he intrusts the property. He leaves it at his peril. If the property is redelivered, it is well; if not, it was his folly to intrust it in such hands, and he is liable on motion to amerce.
The second error assigned is, that no plea or answer is required by the court below to the motion to amerce. Is there anything erroneous in this? In the first place, we know of no practice which requires either plea, or answer, or issue to be made up in form. We have never seen such practice adopted, and there is, in our opinion, no law that requires it; and in the second place, ■the plaintiff in error ought not to be permitted to take any ad ■ *459 vantage of such omission, because it was for his advantage to permit him to appear and urge anything and everything as a defense, without being confined to a single point in a plea, or answer, or issue.
Judgment affirmed.